UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara Houseman,
            Plaintiff,

v.

3M Company;
Arizant Healthcare, Inc.,

            Defendants.

Case No. 17-cv-2615 (JNE/SER)
ORDER

---

    Barbara Houseman sued 3M Company and Arizant Healthcare, Inc., on December 23, 2016 with other plaintiffs in state court. Jt. Compl., 17-cv-1093 Dkt. No. 1-1. Pleading only state-law claims, Houseman alleged that Defendants' medical device the Bair Hugger Forced-Air Warming system was used during her knee-replacement surgery and that use caused her prosthetic knee to get infected. *Id.* ¶ 84; Compl. ¶¶ 7-8, 17-cv-2615 Dkt. No. 1. On February 3, 2017, Houseman died. 17-cv-2615 Dkt. No. 6, ¶ 1.

    On March 23, 2017, Defendants removed her lawsuit to federal court. Notice of Removal, 17-cv-1093 Dkt. No. 1. Later, her lawsuit was transferred and consolidated with the *Bair Hugger* MDL, 15-md-2666. 17-cv-1093 Dkt. No. 14. The plaintiffs then moved, unopposed, for severance. 17-cv-1093 Dkt. No. 28. The Court so ordered. Severance Order, 17-cv-1093 Dkt. No. 30. An individual Complaint was filed for Houseman, starting a docket with its own number. Compl., 17-cv-2615 Dkt. No. 1. For that filing, a fee was paid. 17-cv-2615 Receipt No. AMNDC-5596165. A summons was issued to Defendants, too. 17-cv-2615 Dkt. No. 3. And finally, Houseman was terminated from her old docket. 17-cv-1093 Dkt. No. 31.

The Court must now decide whether it has subject-matter jurisdiction over Houseman's lawsuit. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* 28 U.S.C. § 1447(c) (2018). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a removed lawsuit, that lawsuit "shall be remanded" to state court. § 1447(c). For removed lawsuits, the Court must have jurisdiction as of "when the petition for removal is filed." *Gibson v. Bruce*, 108 U.S. 561, 563 (1883), *cited in Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) ("[T]he district court had jurisdiction only if the parties were completely diverse when . . . removed to federal court."). The Court may not dismiss a removed case for lack of subject-matter jurisdiction; it may only remand. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (interpreting § 1447(c)).

Houseman's lawsuit was removed from state court, and, under the Severance Order, her individual Complaint continues that lawsuit. Severance is treated liberally and distinguished from dismissal. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."). In not dismissing Houseman's lawsuit, the Severance Order could not have ended it. The individual Complaint, filing fee, docket number, and summons could not have done so either because they only effectuate that Order. The individual Complaint, in fact, only restates Houseman's state-court allegations. *Compare* Compl. ¶¶ 7-8, *with* Jt. Compl. ¶ 84. In allowing Houseman to independently proceed as a discrete Plaintiff, the Court did not restart her lawsuit. *Cf. E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998) ("When a single claim is

severed from a lawsuit, it proceeds as a discrete, independent action. . . .").

Defendants removed Houseman's lawsuit on March 23, 2017. Diversity jurisdiction, because it is determined as of the time of removal, must have existed on that date. Houseman was several-weeks dead on March 23, 2017. If state law or the state court did not substitute a valid plaintiff for Houseman, federal jurisdiction could have been invalid upon removal for two reasons. First, a dead person would not have originally been able to invoke federal jurisdiction as plaintiff. Second, Houseman's post-death citizenship is murky. Diversity jurisdiction here is asserted only as "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2018); Compl. ¶ 4; Notice of Removal ¶ 9. Without knowing more about Houseman's citizenship as of removal, the Court cannot affirm the asserted jurisdictional ground.

Within fourteen days, Houseman may submit a memorandum of law as to subject-matter jurisdiction. As the party demanding jurisdiction, she must favorably resolve any issues as to it. *See* Houseman's Opp'n (opposing Defendants' Motion to dismiss for lack of subject-matter jurisdiction), 17-cv-2615 Dkt. No. 18. 3M Company and Arizant Healthcare, Inc., may oppose Houseman's memorandum within fourteen days of its filing. If jurisdiction is not shown as of removal, the Court will—as it must—remand Houseman's lawsuit to state court.

IT IS SO ORDERED.

Dated:  February 14, 2018                         s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge